UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-20266-GAYLES

**WELLS FARGO BANK, N.A.,**
      **Plaintiff,**

v.

**JOHN F. BONABY and BONABY**
**MANAGEMENT, INC.,**
      **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court *sua sponte*. The Court has reviewed the record in this case and is otherwise fully advised in the premises.

In its Notice of Removal removing this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade, Florida, filed January 22, 2017, Defendant Bonaby Management, Inc. ("Bonaby Management"), invokes this Court's diversity jurisdiction. Specifically, it asserts the following:

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiffs and Defendant Bonaby Management, Inc.

5. Plaintiff, Wells Fargo, by its signature on its complaint indicated that it is a resident of the State of North Carolina 27607.

6. Defendant Bonaby Management, Inc. is a resident of the State of Florida with a last known address on Miami Beach.

7. Because the Plaintiff is a citizen of another state, and the Defendant is a citizen of the State of Florida complete diversity exists among the parties to this action.

[ECF No. 1] ¶¶ 4-7.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546

U.S. 500, 501 (2006). To that end, "[a] federal court may raise jurisdictional issues on its own initiative at any stage of litigation." *Id.* at 506; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

The statute governing removal, 28 U.S.C. § 1441, permits a defendant to remove a case brought in state court to federal court if the federal court has federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. When a defendant removes a case, it, as the removing party, bears the burden of proving that federal subject matter jurisdiction exists. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). Diversity jurisdiction requires fully diverse citizenship of all parties and an amount in controversy over $75,000, 28 U.S.C. § 1332(a), which is determined at the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

The Plaintiff in this action is alleged to be Wells Fargo, N.A., a national banking association. A national banking association is a corporate entity "chartered not by any state, but by the Comptroller of the Currency of the U.S. Treasury." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). Pursuant to 28 U.S.C. § 1348, such an entity is deemed to be a citizen of the state in which it is located—in other words, "the State designated in its articles of association as its main office." *Schmidt*, 546 U.S. at 318; *see also Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (explaining that a national bank "is a citizen ***only*** of the state in which its main office is located" (emphasis added)).

One Defendant (Bonaby Management, Inc.) is a corporation. A corporation, for jurisdictional purposes, is deemed to be a citizen of the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). The other Defendant (John Bonaby) is a natural

2

person. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," which requires both residence in a state and "an intention to remain there indefinitely." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Having considered these standards and the Notice of Removal, Bonaby Management's allegations pertaining to citizenship, which assert only the "residence" of the Plaintiff and one of the two Defendants, are "fatally defective." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Therefore, the Court finds that Bonaby Management, as the removing party, has failed to establish that diversity of citizenship exists in this case. That said, the Court is mindful of the Eleventh Circuit's instruction that, prior to remanding a case for lack of subject matter jurisdiction upon the failure of a removing party to properly allege diversity, a district court must allow the removing party an opportunity to cure the deficiency. *Corporate Mgmt. Advisors Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297-98 (11th Cir. 2009). Bonaby Management should be granted leave to amend its notice of removal to "'unequivocally' establish diversity of citizenship." *Id.* (quoting *Armada Coal Exp., Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1569 (11th Cir. 1984)).

Accordingly, it is **ORDERED AND ADJUDGED** that by **January 31, 2017**, the Defendants shall file an Amended Notice of Removal that includes sufficient allegations to unequivocally establish diversity of citizenship of the parties in this case. Failure to comply with this Order will result in remand without further notice for want of federal jurisdiction.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of January, 2017.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

3