UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-20266-GAYLES

WELLS FARGO BANK, N.A.,
            Plaintiff,

        v.

JOHN F. BONABY and BONABY
MANAGEMENT, INC.,
                    Defendants.
_____/

ORDER REMANDING CASE

THIS CAUSE comes before the Court *sua sponte*. The Court has reviewed the record in this case and is otherwise fully advised in the premises.

In its Order dated January 25, 2017, after concluding that Defendant Bonaby Management, Inc.'s ("Bonaby Management") allegations pertaining to citizenship were "fatally defective" to establish diversity jurisdiction in this case, [ECF No. 6 at 3] (quoting *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013), this Court ordered Bonaby Management to "file an Amended Notice of Removal that includes sufficient allegations to unequivocally establish diversity of citizenship of the parties in this case," [*Id.*]. The Court warned that "[f]ailure to comply with th[e] Order will result in remand without further notice for want of federal jurisdiction." [*Id.*]

Bonaby Management filed its Amended Notice of Removal on February 10, 2017 [ECF No. 13]. In it, Bonaby Management alleges that "Plaintiff, Wells Fargo, by its signature on its complaint reflecting its residence as well as by its articles of ***incorporation*** clearly indicate that it is a citizen of the State of North Carolina." [*Id.* ¶ 4(a)) (emphasis added). The Court made clear that a national banking association, like Wells Fargo, is a citizen of "the State designated in its articles of ***association*** as its main office." [ECF No. 6 at 2] (emphasis added) (quoting *Wachovia*

1

*Bank v. Schmidt*, 546 U.S. 303, 318 (2006)). In other words, Bonaby Management has relied upon the wrong document and has not properly established Wells Fargo's citizenship.

As to its own citizenship, Bonaby Management asserts that "Defendant Bonaby Management, Inc. is a citizen of the State of Florida with a last known address on Miami Beach." [ECF No. 13 ¶ 4(b)]. The Court also made clear that Bonaby Management, as a corporation, is deemed "for jurisdictional purposes . . . to be a citizen of the state of its incorporation and the state of its principal place of business." [ECF No. 6 at 2] (citing 28 U.S.C. § 1332(c)(1)). Bonaby Management has failed to allege either its state of incorporation or the state of its principal place of business, relying instead on its "last known address" and a conclusory statement that it is a citizen of Florida. This is not sufficient to establish its citizenship.

Based on the foregoing, the Court finds that Bonaby Management has failed to "'unequivocally' establish diversity of citizenship." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297-98 (11th Cir. 2009) (quoting *Armada Coal Exp., Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1569 (11th Cir. 1984)). As a result, the Court cannot properly exercise diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332, and remand is warranted. It is therefore

**ORDERED AND ADJUDGED** that this action is **REMANDED** in its entirety to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of February, 2017.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE